MEMORANDUM **
Before the district court, the government alleged that, along with several others, Defendants-Appellants Mario Arriaga-Nunez, aka, Jorge Alexander Canchóla (Canchóla) and Javier Castaneda transported and distributed large quantities of methamphetamine in Nevada and Idaho. Canchóla pled guilty and requested a 188-month sentence, which the district court imposed. On appeal, Canchóla argues that the sentence was unreasonable. Castaneda went to trial and was convicted. On appeal, he argues that the district court erred by failing to give a mere presence jury instruction and by failing to grant a mistrial, admonish the jury, or strike certain testimony that he argues was irrelevant and unduly prejudicial. As the remaining facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.
1. Substantive Reasonableness of Canchola’s Sentence
Canchola argues that his sentence was substantively unreasonable. The Sentencing Guidelines and 18 U.S.C. § 3553(a) factors, however, indicate otherwise. First, Canchola’s sentence is twenty-two months below the bottom of the applicable range of 210 to 262 months. Moreover, while Canchóla received a longer sentence than most of his co-conspirators, he maintained the drug “stash house,” he coordinated with local distributors, he was involved in Las Vegas drug deals, and, on several occasions, he discussed future drug purchases with an undercover officer. Thus, the sentence does not create an “unwarranted sentence disparity] among defendants with similar records who have *183 been found guilty of similar conduct.” See 18 U.S.C. § 3553(a)(1). The other § 3553(a) factors also support the sentence imposed. For example, the sentence is appropriate to “adequately] deter[ ]” both Canchóla and the public from similar crimes, see id. § 3553(a)(2)(B). The district court therefore did not abuse its discretion in sentencing Canchóla. See United States v. Autery, 555 F.3d 864, 871 (9th Cir.2009) (“[T]he substantive reasonableness of a sentence — whether objected to or not at sentencing — is reviewed for abuse of discretion.”)
2. Castaneda’s Motion to Grant a Mistrial, Strike Evidence, or Admonish the Jury
Castaneda contends that the district court abused its discretion by failing to grant a mistrial, strike evidence, or admonish the jury regarding parts of Officer Bustos’s trial testimony which Castaneda argues were inadmissible under Federal Rules of Evidence 401, 402, and 403. Bustos testified that Canchóla was concerned with events in Mexico affecting the supply of ephedrine and that he sold drugs because of Mexican government corruption. This testimony supports the government’s theory that there was a conspiracy to distribute and posses methamphetamine, and the testimony is therefore relevant. See Fed.R.Evid. 401. Though the evidence regarding Canchola’s knowledge of the drug trade and his reasons for selling drugs is not particularly probative, it is even less prejudicial. Cf. United States v. Vallejo, 237 F.3d 1008, 1016-17 (9th Cir.2001) (holding inadmissible agent’s testimony about drug trafficking procedures which implied, without evidence, that any defendant had such knowledge). In this case, Bustos recounted what Canchóla, Castaneda’s coconspirator, had told Bustos about Canchola’s knowledge of drug trafficking. Finally, Canchola’s statement about the Mexican government’s stealing money did not tie Castaneda to Mexican government corruption; if it had any effect, it suggested Canchola’s aversion to involvement with the government. It was therefore not prejudicial. The district court did not abuse its discretion with regard to Bustos’s testimony. See Fed.R.Evid. 403.
3. Castaneda’s Requested Mere Presence Instruction
Castaneda also argues that the court should have given the jury a mere proximity instruction. The government, however, presented substantial evidence of Castaneda’s involvement in the drug activity. See United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992) (A “mere presence” instruction is unnecessary when the government’s case rests on “more than just a defendant’s presence.”). The DEA intercepted several phone calls between Castaneda and Canchóla in which they used various codes to discuss drug deals. Castaneda was captured on video removing a bundle, consistent with a package of drugs, from within a vehicle’s brake light. Finally, two witnesses testified that Castaneda had brought them methamphetamine. The district court therefore did not abuse its discretion in denying Castaneda’s request for a mere presence instruction. See id. at 1282.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.